# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC. *et al*,[1] | ) ) ) ) | Case No. 23-10497 (CTG) |
| Debtor. | ) ) ) |  |
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST, | ) ) ) ) ) |  |
|  | ) | Adversary Case No. 25-_____ |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| DAY & ROSS INC, | ) ) ) |  |
| Defendant. | ) ) |  |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Pursuant to the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* [D.I. 517] (the "Plan") and the Trust Agreement, Heather L. Barlow, solely in her capacity as liquidating trustee (the "Liquidating Trustee") of the Structurlam Liquidating Trust (the "Liquidating Trust"), by and through her undersigned counsel, hereby files this complaint (the "Complaint") to avoid and recover preferential transfers made by Structurlam Mass Timber U.S., Inc. and/or its affiliated debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The Debtors have sold substantially all of their assets, and their remaining assets have vested in the Structurlam Liquidating Trust. The Structurlam Liquidating Trust and Liquidating Trustee may be contacted through undersigned counsel.

(collectively, the "Debtors") to Day & Ross Inc. (the "Defendant") during the ninety (90) days preceding the commencement of the Debtors bankruptcy cases pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and to disallow any claims held by Defendant.

## NATURE OF THE ACTION

1. The Liquidating Trustee brings this adversary proceeding to avoid and recover all preferential transfers made to the Defendant or to any other person or entity for whose benefit the transfers were made during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings. Specifically, the Liquidating Trustee seeks entry of a judgment against Defendant pursuant to: (1) 11 U.S.C. § 547(b)(1) to avoid the Transfers (as defined below) made during the Preference Period (as defined below); (2) 11 U.S.C. § 550(a) to recover the Transfers from the Defendant for the benefit of the Liquidating Trust; and (3) 11 U.S.C. § 502(d) to disallow any claim the Defendant may have asserted or may assert against the Debtors.

2. Additionally, the Liquidating Trustee seeks to disallow any claim that Defendant filed or asserted against the Debtors or that has been scheduled for Defendant pursuant to Section 502(d) and (j) of the Bankruptcy Code. The Liquidating Trustee does not waive but hereby reserves the right to object to any such claim for any reason, including, but not limited to, any reason set forth in Sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

4. On May 11, 2023, Defendant filed proof of claim # 3, which asserted a $340,360.50 general unsecured claim for services performed. (the "Proof of Claim"). Defendant has consented to the exercise of this Court's jurisdiction by virtue of filing the Proof of Claim.

5. Venue is proper in this district under 28 U.S.C. § 1409.

6. This is a core proceeding under 28 U.S.C. § 157(b).

7. Pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Liquidating Trustee consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. The statutory predicates for the relief requested in the above-captioned adversary proceeding are sections 547(b)(2), 550(a), and 502(d) of the Bankruptcy Code and Bankruptcy Rules 3007(b) and 7001.

**PROCEDURAL POSTURE**

9. On April 21, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Between the Petition Date and the Effective Date (as defined below), the Debtors operated their business and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On December 5, 2023, the Debtors filed a *Notice of Plan Supplement* [D.I. 495] which reflected that Heather L. Barlow had been selected to serve as the Liquidating Trustee of the Liquidating Trust established pursuant to Article VIII.D of the Plan and trust

agreement, and on December 14, 2023, the Debtors filed a revised liquidating trust agreement [D.I. 526-1] (the "Trust Agreement")

11. On December 19, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber US, Inc., et al.* [D.I. 540] (the "Confirmation Order"), which confirmed the Plan.

12. On January 11, 2024 (the "Effective Date"), the plan became effective [D.I. 579]. On the Effective Date, in accordance with the Plan, Confirmation Order and Trust Agreement, the Liquidating Trust was established, and the Liquidating Trustee became responsible for investigating and prosecuting causes of action, including those under chapter 5 of the Bankruptcy Code in consultation with the Liquidating Trust Oversight Committee. *See* Plan, Article VIII.D. 1 and 6; Trust Agreement § 1.3.

## THE PARTIES

13. Plaintiff is the Liquidating Trustee, as appointed pursuant to the Confirmation Order (as defined below), Plan, and Trust Agreement.

14. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for one of more of the Debtors prior to the Petition Date. Upon further information and belief, at all relevant times, Defendant's principal place of business was located at 398 Main Street, Hartland, NB E7P 1C6, Canada, and it is a Canadian corporation.

## FACTUAL BACKGROUND

15. Prior to the Petition Date, the Debtors were a leading manufacturer of mass timber solutions and ground protection solutions used in construction and industrial markets, with

U.S. facilities in Conway, Arkansas and Canadian facilities in Penticton, Okanagan Falls, and Oliver, British Columbia. The Debtors maintained business relationships with various business entities through which the Debtors regularly purchased, sold, received and/or delivered goods and services. The Debtors also regularly paid for goods and services used to facilitate their business. The Debtors supplied mass timber for numerous projects throughout North America, including: the University of British Columbia Brock Commons in Vancouver, British Columbia in 2016 and 2017; the Microsoft Silicon Valley Campus in Mountain View, California in 2019; and the Google Mountain View, California campus in 2020.

16. Upon information and belief, during the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as **Exhibit A**. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

17. The Liquidating Trustee conducted a review and analysis of all readily available information of the Debtors, including their books and records, and now seeks to avoid all transfers of an interest in the Debtors' property made by the Debtors to the Defendant on or within ninety (90) days prior to the Petition Date, that is, between January 21, 2023 and April 21, 2023 (the "Preference Period").

5

18. The Liquidating Trustee also conducted a review and analysis of all readily available information of the Debtors regarding known and reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code.

19. The Liquidating Trustee has determined that one or more of the Debtors made transfers of an interest in property to or for the benefit of Defendant during the Preference Period totaling not less than the amounts set forth on **Exhibit A** attached hereto, which is incorporated herein by reference, or $585,018.82 (CAD) in the aggregate (the transfers identified on **Exhibit A**, together with all other transfers to or for the benefit of Defendant of estate property made within the Preference Period are each a "Transfer" and, collectively, the "Transfers").

20. On or about November 4, 2024 and January 17, 2025, the Liquidating Trustee, through counsel, sent demand letters (the "Demand Letters") to Defendant, which sought a return of the Transfers. The Demand Letters described the potential statutory defenses that may be available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence to the Liquidating Trustee for evaluation.

21. Based on the Liquidating Trustee's reasonable due diligence, including the review of the Debtors' books and records and other readily available information and the review of the information, if any, provided by Defendant prior to the filing of this Complaint, as well as the evaluation of known and reasonably knowable affirmative defenses, the Liquidating Trustee has determined that some or all of the Transfers may be avoided even after taking into account Defendant's potential affirmative defenses, if any.

**COUNT I**
**(Avoidance of Preferential Transfer – 11 U.S.C. § 547(b))**

22. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

23. As more particularly described in **Exhibit A**, during the Preference Period, the Debtors made the Transfers to, or for the benefit of, Defendant in the aggregate amount of $585,018.82 (CAD).

24. Each Transfer was a transfer of property or of an interest in property (within the meaning of 11 U.S.C. § 101(54)) from the Debtors to Defendant, or a transfer for the Defendant's benefit.

25. Defendant was a creditor (within the meaning of 11 U.S.C. § 101(10)) of the Debtors at the time of each Transfer by virtue of supplying goods and/or services to the Debtors, as set forth on **Exhibit A** hereto, for which the Debtors were obligated to pay following the delivery of goods and/or provision of services.

26. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

27. The Transfers were made for or on account of an antecedent debt owed by the Debtors to Defendant before such Transfers were made, as asserted by Defendant and set forth on **Exhibit A** hereto. Each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

28. The Transfers were made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

29. The Transfers were made during the Preference Period.

30. The Transfers enabled Defendant, or a creditor of the Debtor for whose benefit the Transfers were made to Defendant, to receive more than it would have received if: (i) the Debtors' Chapter 11 Cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant, or creditor of the Debtor for whose benefit the Transfers were made to Defendant, received payment to the extent provided by the Bankruptcy Code.

31. In accordance with section 547(b) of the Bankruptcy Code, Plaintiff has conducted reasonable due diligence under the circumstances of the Chapter 11 Cases and has taken into account known or reasonably knowable affirmative defenses and believes the Transfers are avoidable.

32. By reason of the foregoing, the Transfers are avoidable pursuant to section 547(b) of the Bankruptcy Code and Plaintiff is entitled to recover the Transfers from Defendant, plus interest from the dates of the Transfers, and costs and fees to the extent available.

## COUNT II
**(Recovery of Property – 11 U.S.C. § 550)**

33. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

34. Plaintiff is entitled to avoid the Transfers under section 547 of the Bankruptcy Code.

35. Defendant is the initial transferee of the Transfers or the entity for whose benefit the Transfers were made by the Debtors, or, alternatively, Defendant is the immediate, mediate, or subsequent transferee of the Transfers to such initial transferee.

36. Plaintiff is entitled to recover from Defendant the property transferred, or the value of such property transferred, the Transfers, under section 550(a) of the Bankruptcy Code, plus interest from the dates of the Transfers, and costs and fees to the extent available.

## COUNT III
### (Disallowance of Claim – 11 U.S.C. § 502(d))

37. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

38. Defendant is the transferee of the Transfers and recipient or beneficiary of obligations that are avoidable under section 547 of the Bankruptcy Code and is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

39. Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

40. Pursuant to section 502(d) of the Bankruptcy Code, any claim of Defendant that has been or will be asserted in Chapter 11 Cases must be disallowed unless and until Defendant has paid the amount of the Transfers or turned over the property transferred to the Liquidating Trust, for which Defendant is liable under sections 547 and 550 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

41. During this adversary proceeding, the Liquidating Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant, or for the benefit of a creditor of the Debtor, during the Preference Period that are avoidable under section 547 of the Bankruptcy Code or under other sections of the Bankruptcy Code. The Liquidating Trustee intends to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other creditor of the Debtors, in accordance with the Bankruptcy Code and for the benefit of Liquidating Trust beneficiaries.

42. The Liquidating Trustee reserves all rights to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable, that may become known to the Liquidating Trustee at any time during this adversary proceeding (through discovery or otherwise) and for any such amendment to relate back to this Complaint.

43. The Liquidating Trustee further reserves all rights to bring all other claims or causes of action that the Liquidating Trust may have against Defendant, on any and all grounds, whether at law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, the Liquidating Trustee requests judgment in her favor and against Defendant:

    a. avoiding the Transfers pursuant to section 547(b) of the Bankruptcy Code;

    b. awarding the Liquidating Trustee a judgment against the Defendant in the amount of the value of the avoided Transfers;

    c. disallowing any and all claims of Defendant that have been or may be asserted in the Chapter 11 Cases unless and until Defendant has returned the property transferred or paid the value of such transferred property, the Transfers, to the Liquidating Trust;

    d. awarding the Liquidating Trustee pre-judgment interest on the amount of the Transfers;

    e. awarding the Liquidating Trustee costs and fees, to the extent available, of this adversary proceeding; and

  f. granting such other and further relief as the Court may deem necessary and proper.

| | |
|---|---|
| Date: April 17, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Donna L. Culver*<br>Donna L. Culver (No. 2983)<br>Matthew B. Harvey (No. 5186)<br>Brenna A. Dolphin (No. 5604)<br>1201 North Market St, 16th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 658-9200<br>Email: dculver@morrisnichols.com<br>  mharvey@morrisnichols.com<br>  bdolphin@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br>*Heather L. Barlow as Liquidating Trustee of the Structurlam Liquidating Trust* |